**HONE LAW**
Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax      702-703-1063

*Attorneys for Plaintiff
Eric Collins*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC COLLINS, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>AUTOZONE, INC., a Nevada corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-316<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Eric Collins ("Collins"), by and through his undersigned counsel, files this Complaint against Defendant AutoZone, Inc. ("AutoZone" or "Defendant"), and states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.　This is an action for damage brought by Plaintiff Collins for unlawful workplace discrimination and harassment based on sex, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and Nevada Revised Statute § 613.330, *et seq.*; and for certain other claims brought pursuant to Nevada law as outlined below.

2.　Plaintiff Collins is, and was at all relevant times, an individual residing in Nevada.

/ / /

/ / /

1

3. Defendant AutoZone is, and was at all relevant times hereto, a corporation organized under the laws of the State of Delaware, with operations located in Las Vegas, Nevada.

4. AutoZone employs 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is therefore subject to the provisions of Title VII and the Nevada statutes outlined herein.

5. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant, individually or acting by and through their agents and employees. Said acts and/or failures to act were within the scope of any agency or employment or were ratified by Defendant.

6. The names and capacities, whether individual, corporate, associate or otherwise, of Defendant and/or their alter egos sued herein as DOES I through X, and ROE Business Entities I through X, inclusive, are presently unknown, and Plaintiff therefore sues these defendants by such fictitious names. Collins will amend this Complaint to allege the true names of any and all Doe and Roe defendants as alleged herein and/or after their true names and capacities are ascertained.

7. This Court has primary jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question) because Collins is making claims under Title VII. Additionally, this Court has supplemental jurisdiction over any state law claims pled pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district because all material allegations in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

9. Collins incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

///

10. On or about July 19, 2021, Collins initiated the process of filing a Charge of Discrimination against his former employer AutoZone, a defendant named in this action with the Nevada Equal Rights Commission ("NERC"), wherein he alleged discrimination and harassment based on sex, as well as alleging retaliation.

11. On or about December 3, 2021, the NERC issued a Notice of Right to Sue.

12. This action is timely filed pursuant to 42 U.S.C § 2000e-5(f).

13. Collins has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with the Court.

## GENERAL ALLEGATIONS

14. Collins incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

***Collins Begins Working for AutoZone***

15. On or about May 24, 2020, AutoZone hired Collins as a part-time sales associate.

16. Collins worked at store #5743 located at 3007 N. Rainbow Blvd in Las Vegas, Nevada earing approximately $10.10 an hour.

17. Collins was a reliable and hardworking employee.

***James Propositions Collins and Collins Refuses James' Sexual Advances***

18. On or about February 21, 2021, Collins was working a 5pm to 9pm evening shift with Jimmy James ("James"), a Manager at AutoZone.

19. Not long after the shift started, James began to ask Collins questions that were sexual in nature, such as, "Have you ever put anything in your asshole?" "How big is your penis?" and "Have you done anything sexual?"

20. Collins told James to stop repeatedly.

21. A few hours into the shift, James told another Manager he could go home early so that James would be alone in the store with Collins.

22. James closed the store early and locked the doors, locking Collins in the store alone with him.

23. James continued to sexually harass Collins. He asked if Collins had ever had sex with anyone and continued asking Collins questions about his penis and his ass.

24. James then asked Collins if he wanted a blow job. Collins continued to refuse.

25. James then pulled a dildo out of his pants and told Collins he has used the dildo all over the store and he had condoms.

26. Collins attempted to get away from James, but James continued to follow Collins around the store.

27. James told Collins that Collins could use the dildo on James. James told Collins he would start by inserting one finger in Collins' anus and would slowly increase the number of fingers.

28. Collins continued to refused James' advances.

29. Collins again to try to get away from James and James again continued to follow Collins around the store.

30. James cornered Collins and asked if James could lick Collins' asshole and asked if the person Collins was saving his first time for would do the same. Collins repeatedly told James no and told James to leave him alone.

**Collins Feared for His Safety**

31. James became upset and said, "I can't believe you are saying no!"

32. Collins feared for his safety. Notably, James had previously mentioned on numerous occasions that he kept a gun in his backpack while at work.

33. James went into an aisle out of view of the surveillance cameras and began masturbating.

34. Collins contacted his family and arranged to be picked up from his shift early.

**Collins Reports James' Sexual Harassment and AutoZone Retaliates Against Collins**

35. That evening, Collins called the Store Manager, Paul Escareno, and sent him multiple texts but did not receive a response. The following day, Collins continued to call Escareno, but Collins received no response.

4

36. On February 22, 2021, Collins filed a report with the Las Vegas Metro Police Department detailing the assault.

37. On February 23, 2021, Collins called Human Resources and filed an internal report with Manager Lori Casson.

38. Casson seemed to take Collins' complaint lightly. She told Collins it appeared as if he was telling her a story.

39. Casson said she would investigate the matter; however, Collins never heard back from Casson in regards to the outcome.

40. AutoZone never provided Collins with an update on the investigation into the sexual harassment.

41. Rather than AutoZone remove James, the harasser, from the store, Collins was forced to take a leave of absence.

**Collins Was Constructively Discharged**

42. For approximately a month Collins was unable to return to work for fear of being forced to work with James again.

43. In or about late March 2021, Collins was told he had to return to work without any aspect of his complaint being addressed.

44. Collins feared for his safety if he agreed to return to work.

45. On or about March 31, 2021, Collins was forced to constructively discharge his employment.

**Collins Suffered Mentally and Emotionally as a Result of James' Conduct**

46. Collins suffered significant mental and emotional distress due to the sexual harassment from James.

47. Collins was forced to seek therapy for his severe and extreme emotional distress resulting from the assault and harassment, which led to his constructive discharge, he was unable to find a provider he could afford.

/ / /



# CAUSES OF ACTION

## COUNT I – Discrimination Based on Sex in Violation of Title VII and NRS § 613.330

### (Defendant AutoZone)

1. Collins incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

2. Collins is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex (male), including harassment of a sexual nature.

3. AutoZone is an employer subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, and thus, has a legal obligation to provide Collins with a work environment free from discrimination and harassment.

4. AutoZone refused to take reasonably adequate steps to prevent discrimination and harassment against Collins.

5. AutoZone discriminated against Collins and subjected him to harassment when he was subjected to verbal or physical conduct of a sexual nature in the workplace by James asking Collins "Have you ever put anything in your asshole?" "How big is your penis?" and "Have you done anything sexual?" and James propositioning Collins for sex.

6. The foregoing conduct was unwelcomed.

7. The foregoing conduct was sufficiently severe or pervasive to alter the conditions of Collins's employment and create an abusive working environment.

8. AutoZone failed to remedy the foregoing conduct of which it knew or should have known.

9. No other similarly situated persons, not of Collins's protected class, were subject to the same or substantially similar conduct.

10. Collins has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

///

11. AutoZone intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and constructively discharged Collins, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Collins's protected rights.

12. Due to AutoZone's violations of Title VII and NRS 613.330, Collins was forced to bring this action and is entitled to recover his attorney's fees and costs.

13. Further, AutoZone violated Title VII and NRS 613.330 with an intent to injure Collins or with a conscious disregard of his rights.

14. AutoZone's violations of Title VII and NRS 613.330 constitute despicable conduct that subjected Collins to cruel and unjust hardship with a conscious disregard of his rights.

15. Collins requests relief as described in the Prayer for Relief below.

**COUNT II – Retaliation in Violation of Title VII and NRS § 613.340**

**(Defendant AutoZone)**

16. Collins incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

17. Federal and state statutes, 42 U.S.C § 2000e-3 and NRS § 613.340, prohibit employers from retaliating against employees when engaging in protected activities.

18. Collins engaged in a protected activity when he filed a police report detailing James' sexual harassment.

19. Collins engaged in a protected activity when he reported a complaint of James' sexual harassment to AutoZone.

20. AutoZone, through its managers and directors, took materially adverse actions and otherwise retaliated against Collins for participating in this protected activity when:

    a. AutoZone removed Collins from the workplace instead of James.

    b. AutoZone constructively discharged Collins.

21. The above listed materially adverse employment actions would deter a reasonable person from engaging in protected activity protected by Title VII and NRS § 613.340.

/ / /

22. AutoZone failed to adequately supervise, control, discipline or otherwise penalize the conduct, acts, and failures of its employees and thereby ratified these wrongful actions.

23. AutoZone's material adverse actions would not have occurred but for the retaliation.

24. Collins has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

25. AutoZone intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and terminated Collins, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Collins's protected rights.

26. Due to AutoZone's violations of Title VII and NRS 613.340, Collins was forced to bring this action and is entitled to recover his attorney's fees and costs.

27. Further, AutoZone violated Title VII and NRS 613.340 with an intent to injure Collins or with a conscious disregard of his rights.

28. Wyndham's violations of Title VII and NRS 613.340 constitute despicable conduct that subjected Jordan to cruel and unjust hardship with a conscious disregard of her rights.

29. Jordan requests relief as described in the Prayer for Relief below.

**COUNT IV – Intentional Infliction of Emotional Distress**

**(Defendant AutoZone)**

30. Collins incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

31. Defendant's conduct was extreme and outrageous in subjecting Collins to sexual harassment including, without limitation, James asking inappropriate sexual questions to Collins, James masturbating in the store with Collins, James locking Collins in the store and repeatedly propositioning him for sex.

/ / /

32. Defendant intended to cause emotional distress to Collins or acted with reckless disregard of causing his emotional distress.

33. Collins suffered severe or extreme emotional distress as a result of Defendant's conduct including, but not limited to, severe or extreme emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life.

34. Defendant violated Title VII with an intent to injure Collins or with a conscious disregard of his rights or safety.

35. Defendant's acts also constitute despicable conduct that subjected Collins to cruel and unjust hardship with a conscious disregard of his rights.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For damages, the full amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

3. For attorneys' fees and costs as may be recoverable in connection with this suit; and,

4. For such other and further relief as this court deems just and equitable.

Dated this 22nd day of February 2021.

HONE LAW

Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson NV 89074

*Attorneys for Plaintiff
Eric Collins*

9