**HONE LAW**
Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
Kathryn C. Newman, NV Bar No. 13733
knewman@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone   702-608-3720
Fax       702-608-7814

*Attorneys for Plaintiff*
*Eric Collins*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC COLLINS, an individual, | Case No. 2:22-cv-00316-CDS-BNW |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| AUTOZONE, INC., a Nevada corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive, | |
| Defendants. | |

This matter comes before the Court on the parties' Stipulated Protective Order Concerning Confidential Information pursuant to Federal Rule of Civil Procedure 26(c). Being fully appraised of the premises, the Court orders the following:

**I.      PURPOSES AND LIMITATIONS**

Discovery in this action may involve the production of confidential, proprietary, or private information for which special treatment may be warranted. Accordingly, the parties hereby stipulate to entry of the following Protective Order. It does not confer blanket protection on all disclosures or responses to discovery. This Order does not apply retroactively to any documents produced prior to entry of this Order whether those documents were disclosed by Plaintiff or Defendant. The protection it affords from public disclosure and use extends only to

1

the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

II. **"Confidential" Material**

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: records reflecting medical conditions or treatments of any current or former employees of Defendant, including Plaintiff; certain documents contained in the personnel records of persons who are not parties to this lawsuit; financial and proprietary documents of Defendant and financial and proprietary documents of Plaintiff not in the public domain or subject to public disclosure; and investigation files into situations involving employees or former employees of Defendant, not parties to this action and not involving Plaintiff.

The parties will meet and confer as to any other documents, or class of documents which a party believes should be designated as "Confidential" to attempt to reach a consensus as to further stipulation.

III. **Scope**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

IV. **Access To and Use of Confidential Material**

A. **Basic Principles**.

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be



stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

### B. Disclosure of "CONFIDENTIAL" Material.

Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose confidential material only to:

1. Attorneys actively working on this case;

2. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial or at other proceedings in this case;

3. The parties, including designated representatives for the Defendant;

4. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

5. The Court and its employees ("Court Personnel");

6. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

7. Deponents, witnesses, or potential witnesses; and

8. Other persons by written agreement of the parties.

### C. Filing Confidential Material.

It is understood that this agreement will facilitate discovery changes. However, there is a presumption of public access to judicial files and records, and neither party has made a showing yet – nor has the Court found – that any specific documents are secret or confidential. The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any trade secret or other confidential material pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.

If either party seeks to file a confidential document under seal, that party must file a motion for leave to file under seal and must comply with the Ninth Circuit Court of Appeals' directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). A party seeking to maintain the secrecy of documents attached to nondispositive motions must show

good cause exists to overcome the presumption of public access. *Id.* at 1179. Moreover, the Court has adopted electronic filing procedures, which constitute the official record of the Court. If either party files documents under seal, that party must follow the Court's electronic filing procedures in accordance with Local Rule Part IA 10-5(b).

If the sole ground for a motion for leave to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven (7) calendar days prior to the filing of the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four (4) calendar days, excluding court holidays, after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four (4) calendar days, excluding court holidays, after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion for leave to seal, the filing party shall file a motion for leave to seal so indicating and the Court may order the document filed in the public record.

In the event of an emergency motion, the above filing procedures shall not apply. Instead, the movant shall file a motion for leave to seal and the designating party shall file a declaration in support of that motion for leave to seal within three (3) calendar days, excluding court holidays, of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

## V. DESIGNATING CONFIDENTIAL MATERIAL

### A. Exercise of Restraint and Care in Designating Material for Protection.

Each party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,



documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, and the designating party agrees that the designation was made erroneously, the parties shall follow Section 6 of this Protective Order regarding the procedures of challenging the designation(s) to resolve the challenge.

**B.   Manner and Timing of Designations**.

Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

1. Information in documentary form (e.g., paper or electronic documents and deposition exhibits), but excluding transcripts of depositions or other pretrial or trail proceedings); the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion of the material on a page qualifies for protection, the producing party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2. Testimony given in deposition or in other pretrial or trial proceedings: It shall be presumed that any confidential material that is referred to, or marked as an exhibit, during any deposition shall remain confidential material. Any party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript or exhibits thereto as confidential material.

3. Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is store, the word

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

### C. Inadvertent Failures to Designate.

If corrected within ten (10) business days of production or disclosure, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon notification within ten (10) business days of the correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## VI. CHALLENGING CONFIDENTIAL DESIGNATIONS

### A. Timing of Challenges.

Any party may challenge the designation of confidentiality within 15 business days after the original designation is disclosed. The parties may agree to extend the review time for challenges.

### B. Meet and Confer.

The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith effort to meet and confer with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

### C. Judicial Intervention.

If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Rule 26-7 (and in compliance with Local Rule 10-5 if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party



to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**VII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party give notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Further, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request and Order of the Court denying such privilege.

This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

**VIII.   NONTERMINATION AND RETURN OF DOCUMENTS**

Within sixty (60) days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon the appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and other discovery, to be retained for purposes of effectuating any judgment, or



to be retained by either party as a part of the complete client file.

     The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or the Court orders otherwise.

| Dated this 6th day of June 2021. | Dated this 6th day of June 2021. |
|---|---|
| HONE LAW | ALVERSON TAYLOR & SANDERS |
| */s/Jill Garcia* | */s/Peter J. Kee* |
| Jill Garcia, NV Bar No. 7805<br>jgarcia@hone.law<br>Amy L. Howard, NV Bar No. 13946<br>ahoward@hone.law<br>Kathryn C. Newman, NV Bar No. 13733<br>knewman@hone.law<br>701 N. Green Valley Parkway, Suite 200<br>Henderson, NV 89074<br><br>*Attorneys for Plaintiff*<br>*Eric Collins* | Jonathan B. Owens, NV Bar No. 7118<br>jowens@alversontaylor.com<br>6605 Grand Montecito Pkwy, Suite 200<br>Las Vegas, NV 89149<br><br>Peter J. Kee, LA Bar No. 34860<br>pkee@joneswalker.com<br>Tracy E. Kern, LA Bar No. 20246<br>tkern@joneswalker.com<br>Minia E. Gussman, LA Bar No. 35676<br>mgussman@joneswalker.com<br>JONES WALKER LLP<br>201 St. Charles Avenue, Suite 5100<br>New Orleans, LA 70170<br><br>*Attorneys for Defendant*<br>*AutoZone, Inc.* |

## ORDER

**IT IS SO ORDERED**

**DATED:** 1:00 pm, June 07, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

